IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HARVEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 04-591-DRH** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS, ROSALA GONZALEZ,** ) | |
| **WARDEN GARNETT, NURSE BROOKS,** ) | |
| **UNKNOWN PARTY NURSE ROBIN** ) | |
| **#7735, M. BRIAN, and HEALTHCARE** ) | |
| **PROFESSIONALS LTD.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such

relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In his complaint (Doc. 1), Plaintiff states that at an unspecified point in time, while he was in the Graham Correctional Center, he was incorrectly diagnosed with tuberculosis. Due to that incorrect diagnosis, he was not provided with proper medical treatment for his true ailments, which he alleges consist of high blood pressure, chronic obstructive pulmonary disorder, an unspecified heart condition, a swollen prostrate, and possible diabetes. Plaintiff alleges, in a very general manner, that the nurses did not perform thorough exams when making their rounds through the housing units. He also alleges that Gonzalez and Brian failed to review his medical charts, and that Garnett failed to investigate the situation.

In his addendum (Doc. 4), Plaintiff elaborates more fully on these claims. He states that upon his arrival at Lawrence in April 2004, Gonzalez should have done a complete physical exam as well as a thorough reading of his medical chart. Apparently his intake medical exam was performed by nurses, whom he advised of his various conditions; he claims Gonzalez did not review his chart until August 2004. He then sets forth several separate situations in which he was dissatisfied with his medical care.

First, he states that he is not an insulin-dependent diabetic. Therefore, his blood sugar must be monitored on a regular basis. He claims that his insulin requirements were low enough that Nurse Baker removed his name from the afternoon insulin line, but he was given no guidelines on

how to regulate his diet.

Second, in July (2004?), Plaintiff experienced difficulty breathing due to the heat and humidity. He asked to see the doctor, but instead was seen by Nurse Robin during her rounds. It seems that Robin checked his vital signs, but apparently no other medical treatment was provided. Plaintiff filed a grievance, which was denied by Defendant Brian.

Third, Plaintiff claims that Defendant Brian "failed in her duty" to check his chart to verify that he was receiving all necessary medical treatment. He further claims that she did not check his chart until he began to file grievances about his medical treatment. In addition, he claims that unspecified medical tests were canceled at the last minute.

Fourth, Plaintiff states that he filed an emergency grievance about his trouble breathing. However, Defendant Garnett deemed it not an emergency, requiring Plaintiff to proceed through the standard grievance procedures.

Fifth, Plaintiff alleges that Roger Walker (not named as a defendant) is responsible for the substandard medical care he has received, as Walker has failed to enforce institutional policies.

Sixth, Plaintiff alleges that on July 27, 2004, he was assigned to a laundry porter position, and then to a janitorial position. Plaintiff explained his medical condition to the assignment officer, but the officer's records indicated that Plaintiff was cleared to perform any job. Therefore, Plaintiff was forced to work for one day as a laundry porter.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short

of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also*

*Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996),

*cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However,

the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth

Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

- 4 -

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).

Although the Court empathizes with Plaintiff for his many maladies, the allegations contained in his complaint and supplement do not present claims against any named defendant that rise to the level of an Eighth Amendment violation. At best, Plaintiff has made allegations that might present a claim of medical negligence. However, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Therefore, Plaintiff has not presented any viable constitutional claims against any of the named defendants.

One final pleading requires comment – Plaintiff's motion to amend his complaint (Doc. 7). In the text of that motion, he clarifies that all his references to "malpractice" should be interpreted as claims of deliberate indifference. He also wishes to add Nurse Harvey as a defendant for not

providing proper medical testing. Finally, he wishes to add claims against Ms. Taverbaugh, Jason Garnett, Kenneth Brown and Director Walker for conspiracy to obstruct prompt, proper medical care, and for impeding the grievance process. This motion is not accompanied by a copy of the proposed amended complaint that includes all his claims against all defendants; instead, he has simply submitted additional copies of his original complaint. Further, none of these additional allegations present a viable constitutional claim. Therefore, the motion to amend is **DENIED**.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all other pending motions are denied as moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   July 5, 2005**

/s/   David RHerndon
**DISTRICT JUDGE**